UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NY FIRE WATER MOLD CORP., et al.,

Plaintiff,

-against-

NJNY FIRE WATER MOLD CORP., et al.,

Defendants.

**ORDER**

26-CV-00545 (PMH)

PHILIP M. HALPERN, United States District Judge:

On May 28, 2026, Plaintiffs filed a Proposed Order to Show Cause Without Emergency Relief why the Court should not enter a default judgment against Defendants NJNY Fire Water Mold Corp. and Toniann E. Cosentino. (Doc. 20, "Proposed OTSC"). The Court declines to sign the Proposed OTSC at this time for failure to comply with the Court's Individual Practices and the Local Civil Rules.

Under Local Civil Rule 55.2(c), a party seeking a default judgment "must file a statement of damages, sworn or affirmed to by one or more people with personal knowledge, in support of the request, showing the proposed damages and the basis for each element of damages, including interest, attorney's fees, and costs." Local Civil Rule 55.2(c); *see also* Individual Practices, Attachment A, Rule 3(c). Although Plaintiffs filed various documents in support of their Proposed OTSC (Docs. 16-18), including a memorandum of law (Doc. 17), a declaration of counsel (Doc. 18), and a proposed default judgment (Doc. 16), Plaintiffs did not file a statement of damages in accordance with Local Civil Rule 55.2(c).

Further, while Plaintiffs discuss damages in their memorandum of law, (Doc. 17), Plaintiffs did not file "an affidavit from a party with personal knowledge of damages and the basis for each

element of damages, including interest, attorney's fees, and costs . . . attaching exhibits as necessary to support the basis thereof." Individual Practices, Attachment A, Rule 3(b).

Finally, the Declaration of Marie Condoluci (Doc. 18) does not provide "legal authority for why an inquest is unnecessary." Individual Practices, Attachment A, Rule 3(a)(iii).

Accordingly, by June 22, 2026, Plaintiffs shall file: (1) a statement of damages, in accordance with Local Civil Rule 55.2(c); (2) an affidavit from a party with personal knowledge of damages and the basis for each element of damages, attaching exhibits as necessary; and (3) a revised declaration of counsel, providing legal authority for why an inquest is unnecessary.

Upon appropriate supplementation, the Court will take Plaintiff's request for the entry of default judgment by order to show cause under advisement.

**SO ORDERED.**

Dated:   White Plains, New York
         June 1, 2026

PHILIP M. HALPERN
United States District Judge

2